UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Integrity International Logistics Inc._____*Plaintiff*,_____v._____IGT Service Inc.,_____*Defendant*. | Case No._____**JURY TRIAL DEMANDED** |

Plaintiff Integrity International Logistics Inc. ("Integrity") hereby alleges against defendant IGT Service Inc. ("IGT"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This action is brought to recover damages sustained by Integrity based on the theft of Integrity's products which had been stored at IGT's warehouse.

2. IGT is liable to make Integrity whole based both on the parties' contractual relationship as well as common law principles related to negligence and breach of bailment.

### PARTIES

3. Plaintiff Integrity International Logistics Company, Inc. is a California corporation with a principal place of business in California.

4. Upon information and belief, Defendant IGT Service Inc. is an Illinois corporation with a principal place of business in Illinois.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), as the parties are diverse and the amount in controversy is greater than $75,000.00.

1

6. Upon information and belief, this Court has personal jurisdiction over IGT because IGT is incorporated in Illinois

7. Upon information and belief, this Court has personal jurisdiction over IGT because IGT maintains its principal place of business in Illinois.

8. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because IGT maintains its principal place of business in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Integrity's claims occurred in this District.

## FACTS

10. Integrity is a national logistics company which ships products on behalf of numerous distributors throughout the United States.

11. IGT is an international logistics company with worldwide coverage and a U.S. Customs brokerage provider with nationwide clearance capabilities.

12. IGT's warehouse is located at 1300 Touhy Avenue, Elk Grove Village, IL 60007 (the "Warehouse").

13. IGT markets itself as having its Warehouse conveniently located less than six miles from Chicago O'Hare International Airport and within 40 miles of all major Chicago rail ramps.

14. Integrity, and by extension its network of distributors, utilized IGT's services.

15. In furtherance of Integrity's and IGT's business relationship, they entered into a Rate Agreement for Warehousing and Distribution Services contract (the "Agreement") with an effective date of January 1, 2024.

16. Pursuant to the Agreement, "[o]nce inbound freight is counted and signed for, should any good be lost or damaged due to improper operations, inadequate security or

unauthorized access, IGT shall be liable for reimbursing the customer for the full value of the affected goods."

17. In September of 2024, Integrity had merchandise imported which was stored in the Warehouse.

18. Integrity paid IGT at the rate provided in the Agreement for the storage of Integrity's merchandise.

19. On or about September 15, 2024, shortly after midnight, there was a break-in at the Warehouse.

20. During the break-in, the perpetrators loaded three pallets of Integrity's merchandise onto a truck and absconded with said merchandise.

21. The merchandise stolen had an approximate value of $518,000.

22. Several hours after the break-in, IGT's owner, Jay Kim ("Mr. Kim"), reported the theft to the Elk Grove Village Police.

23. Mr. Kim specifically identified Integrity's merchandise as having been stolen in the theft he reported.

24. To date, Integrity has not recovered the merchandise which was stolen from the Warehouse.

25. Integrity has demanded IGT reimburse it pursuant to the Agreement.

26. Despite due demand, IGT has refused to reimburse Integrity for its losses sustained in the theft which occurred at IGT's Warehouse.

## COUNT I: BREACH OF CONTRACT

27. Integrity repeats and realleges the allegations of all of the preceding paragraphs as if fully set forth herein.

28. The Agreement constituted an enforceable contract entered into between Integrity and IGT.

29. Integrity performed its obligations under the Agreement.

30. IGT has breached the Agreement by failing to reimburse Integrity for the losses it sustained due to the theft at the Warehouse.

31. As a result of IGT's breach of the Agreement, Integrity has been damaged in an amount to be determined at trial but believed to be in excess of $500,000.

32. Accordingly, judgment should be rendered against IGT and in favor of Integrity in an amount to be determined at trial, plus prejudgment interest and costs.

## COUNT II: NEGLIGENCE

33. Integrity repeats and realleges the allegations of all of the preceding paragraphs as if fully set forth herein.

34. IGT had a common law duty of care with respect to Integrity's merchandise stored in the Warehouse.

35. IGT had a statutory duty of care with respect to Integrity's merchandise stored at the Warehouse pursuant to, *inter alia*, 810 ILCS 5/7-204.

36. Upon information and belief, IGT breached the duty of care it owed to Integrity by failing to properly secure the Warehouse and by failing to ensure the security of the Warehouse and the merchandise contained therein.

37. Integrity was proximately damaged by IGT's breach of its duty to Integrity, which resulted in the theft of its merchandise, in an amount to be determined at trial but believed to be in excess of $500,000.

38. Accordingly, judgment should be rendered against IGT and in favor of Integrity in an amount to be determined at trial, plus prejudgment interest and costs.

## COUNT III: BREACH OF BAILMENT

39. Integrity repeats and realleges the allegations of all of the preceding paragraphs as if fully set forth herein.

40. IGT and Integrity acted pursuant to an agreement to create a bailment.

41. Integrity's merchandise was sealed and in good condition when delivered to the Warehouse.

42. IGT received Integrity's merchandise pursuant to the agreement of the parties for the merchandise to be stored at the Warehouse.

43. IGT failed to return Integrity's merchandise into Integrity's possession.

44. Integrity was damaged by IGT's breach of bailment, for the value of the merchandise Integrity was deprived of and for its costs paid to IGT for the bailment, in an amount to be determined at trial but believed to be in excess of $500,000.

45. Accordingly, judgment should be rendered against IGT and in favor of Integrity in an amount to be determined at trial, plus prejudgment interest and costs.

## JURY DEMAND

Integrity International requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

**WHEREFORE**, Integrity respectfully requests that this Court enter Judgment in its favor against IGT as follows:

A. On its First Count, awarding Integrity compensatory and consequential damages against IGT in an amount to be determined at trial, plus all allowable costs and prejudgment and post-judgment interest; and

B. On its Second Count, awarding Integrity compensatory and consequential damages against IGT in an amount to be determined at trial, plus all allowable costs and prejudgment and post-judgment interest; and

C. On its Third Count, awarding Integrity compensatory and consequential damages against IGT in an amount to be determined at trial, plus all allowable costs and prejudgment and post-judgment interest;

D. Together with such other and further relief as this Court deems be just and equitable.;

Dated: December 4, 2024
New York, New York

Respectfully submitted,

Bochner PLLC

By: /s/ Craig Uhrich
Craig Uhrich, Esq.
1040 Ave. of the Americas,
15th Floor
New York, NY 10018
(646) 971-0685
cuhrich@bochner.law

*Attorneys for Plaintiff*